UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ELAINE SIMMONS,  )<br>  )<br>   Plaintiff,  )<br>  )<br>v.  )<br>  )<br>  )<br>AT&T, INC.,  )<br>  )<br>   Defendant.  )<br>_____)  | Case No. 3:20-cv-03638 |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, ELAINE SIMMONS ("Plaintiff" or "Simmons"), and files her Complaint against Defendant, AT&T, INC., ("Defendant" or "AT&T"), and in support she states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* (hereinafter the "ADA") and the Texas Commission on Human Rights Act, 1.3.3 Article 5221K, *et seq.* (hereinafter the "TCHRA") to redress Defendant's unlawful employment practices against Plaintiff including discrimination, harassment, and retaliation because of her disability, leading to Plaintiff's unlawful termination.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein occurred in this District.

## THE PARTIES

5. Plaintiff, Simmons, is a citizen of the United States and was, at all times material, a resident of the State of Texas.

6. Defendant is a For-Profit Corporation with its headquarters in Dallas, TX.

7. Plaintiff worked for Defendant at its offices located at 4100 Bryan Street, Dallas, TX 75204.

8. Defendant is an employer as defined by all laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On or about August 16, 2016, Plaintiff timely dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission ("TWC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e).

11. Plaintiff's Charge was filed within one hundred and eighty days after the alleged unlawful employment practices.

12. On September 16, 2020, the EEOC issued to Plaintiff a Right to Sue, upon request.

13. This Complaint was filed within ninety days following Plaintiff's receipt of the EEOC's Dismissal and Notice of Rights.

**FACTUAL ALLEGATIONS**

14. Plaintiff is a disabled female and/or was perceived as disabled by Defendant.

15. On or about May 6, 1981, Plaintiff began working full-time for Defendant. Plaintiff was employed as a Communication Technician.

16. In 2015 Plaintiff began experiencing medical issues and on or about June 23, 2015 she was diagnosed with non-Hodgkin's Lymphoma and peritoneal carcinomatosis.

17. Plaintiff immediately notified Defendant's disability department and her manager, Stanley Banks.

18. Plaintiff required medical leave due to her cancer diagnosis and she was out of work from June 30, 2015 through March 15, 2016.

19. Plaintiff was cleared to return to work with restrictions outline by her physician. The required accommodations included working half days for two weeks, avoidance of strenuous activity, a larger computer monitor, relocation of her desk, and an ergonomically suitable chair

20. Plaintiff provided her restriction to Mr. Banks.

21. Mr. Banks and Plaintiff's Area Manager, Guy Powers, refused to accommodate Plaintiff's work restrictions and refused to engage in the interactive process with Plaintiff.

22. Plaintiff was unable to return to work without the required accommodations.

23. On or about March 31, 2016, Plaintiff appealed Defendant's denial of her accommodation request. In her appeal, Plaintiff also notified Defendant that she suffered from depression and anxiety.

24. Plaintiff informed Defendant that its refusal to permit her to return to work was exacerbating her depression and anxiety.

25. Plaintiff also suffers from claustrophobia, tachycardia, and chronic lower back pain with muscle spasms.

26. Plaintiff's doctor placed her on additional restrictions which were provided to Defendant. This accommodation request also notified Defendant of Plaintiff's additional disabilities.

27. Plaintiff also requested the accommodation that May 19, 2015 – May 21, 2015, June 13, 2015 – June 16, 2015, June 18, 2015, June 19, 2015, and July 2, 2015 – March 14, 2016 be covered as medical leave.

28. Mr. Powers informed Plaintiff that Defendant was denying her requested accommodations in April 2016.

29. On April 29, 2016 Defendant terminated Plaintiff under pretext alleging her absences eleven months earlier on May 20, 2015 and May 21, 2015 were the cause for her termination.

30. The discrimination and retaliation Defendant subjected Plaintiff to was perpetrated, in part, by one of Defendant's employees with direct supervisory authority over Plaintiff.

31. Defendant knew or should have known of the discrimination and retaliatory conduct because its supervisor(s) and members of management observed it and/or participated in it.

32. The effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her disabilities.

33. The unlawful employment practices complained of in the above-mentioned paragraphs were intentional.

34. The unlawful employment practices complained of in the above-mentioned paragraphs were done with malice or with reckless indifference to the statutory and/or federally protected rights of Plaintiff.

35. Plaintiff has been damaged by Defendant's illegal conduct.

36. Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

### Count I: Disability Discrimination in Violation of the ADA

37. Plaintiff re-alleges and adopts, as it fully sets forth herein, the allegations stated in Paragraphs 1-36 above.

38. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

39. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

40. Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations.

41. Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's medical condition regarding discharge, employee compensation, and other terms, conditions, and privileges of employment.

42. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on her medical condition.

43. Defendant intentionally discriminated against Plaintiff based on her medical condition.

44. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

45. Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

## Count II: Failure to Accommodate in Violation of the ADA

46. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-36 above.

47. Plaintiff is a disabled person as defined by the ADA in that she has an actual disability, has a record of being disabled, and/or was perceived as being disabled by Defendant.

48. Defendant failed to engage in the interactive process and failed to accommodate Plaintiff as required by the ADA.

49. As a result of the foregoing, Plaintiff was caused to be injured and damaged; to have her career significantly and adversely impacted; to forgo compensation and benefits; and to endure embarrassment, mental anguish and emotional distress.

## Count III: Retaliation in Violation of the ADA

50. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-36 above.

51. Plaintiff engaged in protected activity under the ADA while employed by Defendant.

52. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

53. Defendant's conduct violated the ADA.

54. Defendant intentionally retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

55. Defendant's conduct violates the ADA.

56. Defendant's discriminatory conduct in violation of the ADA has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

57. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

58. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

### **Count IV: Disability Discrimination in Violation of the TCHRA**

59. Plaintiff re-alleges and adopts, as it fully sets forth herein, the allegations stated in Paragraphs 1-36 above.

60. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the TCHRA.

61. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

62. Defendant is prohibited under the TCHRA from discriminating against Plaintiff because of her medical condition with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

63. Defendant violated the TCHRA by unlawfully terminating and discriminating against Plaintiff based on her medical condition.

64. Defendant intentionally discriminated against Plaintiff based on her medical condition.

65. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the TCHRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

66. Defendant's unlawful conduct in violation of the TCHRA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of her civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count V: Retaliation in Violation of the TCHRA

67. Plaintiff re-alleges and adopts, as it fully sets forth herein, the allegations stated in Paragraphs 1-36 above.

68. Plaintiff engaged in protected activity under the TCHRA while employed by Defendant.

69. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

70. Defendant's conduct violates the TCHRA.

71. Defendant's discriminatory conduct, in violation of the TCHRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

72. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

73. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's statutorily protected rights, thereby entitling her to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:
*/s/ Gabrielle E. Klepper*
Gabrielle E. Klepper
Texas Bar Number: 24090213
**Spielberger Law Group**
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499

Gabrielle.Klepper@spielbergerlawgroup.com

*Counsel for Plaintiff*